Filed 03/30/26

**VERMONT SUPERIOR COURT**

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04290

| R.W., et al. v. J.M., et al |
|---|

## ORDER OF APPOINTMENT OF GUARDIAN AD LITEM—MINOR

Pursuant to V.R.C.P. 17(b), on Motion of Defendant, J.M:

The Court has determined in its February 24, 2026 Order that A.M., a party in the above-entitled proceeding, is a minor in need of an independent representative to determine her understanding of the present litigation, her ability to act in a mature and understanding manner about her rights and interests in the present matter, and to determine, if possible, her preferences for proceeding in the present litigation.

Currently pending before the Court is R.W. v. J.M., Docket No. 22-CV-4290, which is a claim of falsified abuse claims involving R.W. (mother) and brought on her behalf and on behalf of A.M..

It is hereby ORDERED that Allison Ericson, Esq., is appointed Guardian ad Litem of the minor A.M. to represent the interest of said minor in the above-entitled proceeding, subject to the supervision of the Court.

The scope of representation at this time shall be limited to the following:

A. To determine the extent to which A.M. understands this litigation, including the legal claims asserted and supporting allegations, and her and her parents' roles in it.

B. To determine whether or to what extent A.M.'s presence of mind and maturity are such that her views should (more or less) inform the court's understanding of her best interests.

C. To determine her concerns or considered preferences as to (a) whether she remains a party to this case, (b) whether she believes her and R.W.'s interests are aligned in pursuit of the asserted claims and allegations, (c) whether her best interests might be better served if she were represented by a GAL, and (d) any other matter that arises during the meeting and is relevant to the goals of Rule 17(b) to provide a representative who can act on A.M.'s behalf and interests and to protect A.M. through the Court process.

D. And to so report to the court and the parties without undue delay, after which the GAL may be discharged.

E. The role of the Guardian ad Litem is to act as an independent advisor and advocate whose goal shall be to safeguard the minor's best interest and rights.

F. In carrying out the role and responsibilities as Guardian ad Litem, the Guardian ad Litem shall meet with the minor, the minor's attorney, and any others who may be necessary for understanding of the issues in the proceeding. Additionally, the Guardian ad Litem shall: review and be familiar with all pertinent pleadings, reports and other documents filed with the Court. The Guardian ad Litem may also, at her discretion: talk with the parties; observe the minor with any of the other parties; and talk with third parties having relevant information, with such authorization to third parties to release information as ordered by the Court.

G. The Guardian ad Litem may be called as a witness only when their testimony would be directly probative of the minor's best interest, and no other persons could be employed or subpoenaed to testify on the same subject matter.

H. The Guardian ad Litem shall have immediate access to the minor.

I. The use of confidential information acquired as a result of this appointment is limited to the necessary and reasonable performance of the Guardian ad Litem's duties and shall not be disclosed to persons other than the parties or the Court.

Unless Guardian ad Litem indicates a need for additional time, the Court will expect her review to be completed within the next 60 days. Upon completion of the Guardian ad Litem's review, the Court will set this matter for a hearing to review and determine next steps in resolving J.M.'s motion to remove R.W. as A.M.'s next friend, consistent with the Court's earlier order.

Electronically signed on 3/27/2026 10:50 AM pursuant to V.R.E.F. 9(d)

_____
Daniel P. Richardson
Superior Court Judge